Chief Justice Robertson,
delivered the opinion of the court.
Stmpiibns having, as constable, levied executions in his hands, against Joseph C. Gale, on a horse in Gale’s possession, delivered the horse to Vaughan for safe keeping, and thereupon Vaughan covenanted to deliver him to Stephens, at a place and on a day, designated in the covenant.
Vaughan having failed to deliver the horse, Stephens brought this suit against him, for a breach of his covenant. To this action, Vaughan filed t<Jo pleas. The circuit court overruled a demurrer to these pleas; and Stephens having failed to reply to either of them, judgment was rendered against him.
As one demurrer was filed to both pleas, if either of them be good, the judgment of the circuit court should be affirmed. But neither of the pleas, contains matter sufficient to bar the action.
The first plea alleges that Charles Miles, who had an action of detinue pending against Gale for the horse at the time of the levy on him, had, after the delivery of him to Vaughan, but before the day stipulated for his delivery to Stephens, filed a bill in chancery against Gale, to restrainhisinjuriny or removing the horse beyond the jurisdiction of the court before the trial of the suit at law, in consequence whereof, the sheriff was directed by the chancellor to take the horse and deliver him to Miles, unless Gale should give security that he should be forthcoming, and that ail damages for his detention, should be paid; and that Gale having failed to give the security required, the sheriff, in pursuance of the order, had taken the horse and delivered him to Miles, who had ever since kept him.
The 2nd plea, after averring the same facts, in substance, as those contained in the first plea, alleges that Gale had no right or title to the horse when Stephens levied the execution on him.
The first plea is insufficient, for several reasons:
Covenant to deliver a taintimc and placo, nondelivery will uniesde-livery was prevented by-God^ofthe of obli-gee, or of some person having a right to *ake P°f-horse.*1 ° 6 He, who ob-t.ains posses-horse°taken under execution> and covenants to redeliver-him °n a»iven excuseTon-delivery by showing that noUub^tTo o^tbat be*0*1 Had been ta-^possession by an officer, unIess he show that the offi-cor had a le-Option" and that it was be; foro the day* deny theight-of his bailor, unless he show ascertained1 judicially, that another ■demandare' *° Ktitution • or that one hav-“S. j bfttef. ken property bailed from him.
*207 1st. As Vaughan had covenanted to deliver the horse to Stephens without any express condition or qualification, the non-delivery will not be excused, unless the delivery had been prevented by the act of Stephens, the act of the law, the act of some person who had a right to taire possession of him, or the act of God. The plea presents no such excuse. It does not show that the sheriff had any legal authority to take the horse from Vaughan, As Vaughan was the bailee of Stephens, the sheriff had no legal power to disturb his possession, unless he had been made a party to the bill on which the order had been granted.
The bill was against Gale only; and the order thorised the sheriff to take the horse from Gale. It . certainly gaye no authority to take him from any other person, who was not the bailee of Gale and did not acquire the possession from him. Unless the sheriff had other authority than that asserted for him in the plea he committed a trespass on Vaughan, when he took from him the horse; and consequently his tortious act cannot he considered the act of the law, nor can it excuse Vaughan.
2nd. The plea does not aver or otherwise state that the sheriff took the horse before the day on which Vaughan had covenanted to deliver him to Stephens. If the sheriff had authority to take him, unless he took him before that time, the covenant was broken without the semblance of excitse.
The plea may therefore be true, and still not bar the action.
3rd. The plea does not show that the sheriff had sufficient authority to justify the siezure of the horse, even in Gales possession.
The additional mail or on the second plea does not render it efficacious as a bar. As Vaughan had acquired the possession from Stephens and covenanted to restore it on a given day, the fact, that the horse was not sub-jeettothe execution, will not excuse the non-delivery, The bailee, cannot deny the right of his bailor, unless he can show that it had been ascertained judicially that some other person had a right to demand a restitution; or unless he could prove that some other person, having abetter right than his bailor had to the proper *208 ty, had taken it from him without his fault. If Mile* ^ad a right to the horse, he might also have had the fight of re-caption. As the re-caption of the 'owner in a proper manner, is virtually, the act of the law, it would excuse bailee. But the plea does not show that hie horse was taken from Vaughan by either the act of the law, or the authorized act of the owner, It does not even intmate who was the owner. This plea is, therefore, no better than the other. .
Hoggin, for appellant; Denny, for appellee.
. If the horse had not been subject to the execution, and if Stephens was not rendered liable, to the execution creditor for his value, in consequence of the contract of Vaughan, then, although there would be a breach of the covenant, according to the pleadings and proof in this record, nevertheless nominal damages only might be recovered.
As the pleas are insufficient to bar the action; the .judgment is reversed and the cause remanded for a re-pleader.